### THE STATE v. JOHN LONG, Appellant.

Division Two, November 24, 1908.

**NO BILL OF EXCEPTIONS.** Where no bill of exceptions was filed, and there is no error in the record proper of the trial of an appellant convicted of burglary, the judgment will be affirmed.

Appeal from Monroe Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

There is no bill of exceptions in this case. Monroe county is in the Tenth Judicial Circuit. The courts in this circuit are held in said county on the second Monday in April (April 9, 1906); fourth Monday in August (August 27, 1906), and the second Monday in December (December 10, 1906). Laws 1905, p. 119; R. S. 1899, sec. 1728. February 2, 1906, when the motion for new trial (according to the entry *nunc pro tunc*) was overruled, was in the December term. The first entry in the record showing that time was given to file the bill of exceptions was upon April 13, 1906 (the fifth day of of the April, 1906, term). Appellant should have filed a bill at the December term, and embodied that bill in his final bill of exceptions. Smith v. Bauer, 166 Mo. 392; Barber Co. v. Ullman, 137 Mo. 543; State v. Larew, 191 Mo. 192. The filing of a motion in arrest, which is not determined till the term following that at which the motion for new trial is overruled, does not extend the time for filing the bill of exceptions till such later term. State v. Goehler, 193 Mo. 177; Cranor v. School District, 18 Mo. App. 397. Exceptions taken at a certain term must be pre-

served by bill filed at that term. R. S. 1899, sec. 728; State v. Ware, 69 Mo. 332. The order granting the original extension must be allowed during the term at which the exceptions were taken. Webster County v. Cunningham, 101 Mo. 642; State v. Jacobs, 39 Mo. App. 122; State v. Goehler, 193 Mo. 177.

BURGESS, J.—At the December term, 1905, of the circuit court of Monroe county, under an information theretofore filed by the prosecuting attorney of said county, charging the defendant with feloniously and burglariously breaking into and entering a certain drug store and saloon, owned by one O. P. Vaughn, with intent the goods, wares, merchandise and other valuable things, the personal property of said O. P. Vaughn, in said building kept, feloniously and burglariously to steal, the defendant was convicted and his punishment assessed at three years in the penitentiary. Having filed motions for a new trial and in arrest of judgment, which were overruled by the court, the defendant appealed.

No bill of exceptions was filed in this case. There is, therefore, nothing before this court for review except the record proper, which, after careful examination, we find to be free from error.

The judgment is affirmed. All concur.